IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC CISNEY AND KERRI CISNEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-705-TFM |
| | ) | [wo] |
| ROBERT GREY JOHNSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 17-19, filed 9/1/16) and 28 U.S.C. § 636(c). Pending before the Court is Plaintiffs' *Motion to Remand* (Doc. 7, filed 11/4/17) and Defendant's *Motion to Dismiss or, In the Alternative, to Transfer* (Doc. 6, filed 11/3/17). The motions have been fully briefed and are ripe for review. Having considered the motions and relevant law, the Court finds the motion to remand is due to be DENIED. Further, the Court finds that the Alternative Motion to Transfer Venue (Doc. 6) is due to be GRANTED in part and DENIED in part. This case shall be transferred to the Northern District of Alabama – Northeastern Division pursuant to 28 U.S.C. § 1404(a) and the remaining motions to dismiss shall be held in abeyance pending transfer to the new Court.

### I. FACTS AND PROCEDURAL HISTORY[1]

Plaintiffs Eric Cisney and Kerri Cisney (collectively "Plaintiffs" or "Cisneys") filed this a complaint in the Circuit Court of Montgomery County, Alabama on September 28, 2017. *See* Doc. 1, Atch 1, Complaint. Both Cisneys are Alabama citizens. The suit asserted four separate

---

[1] The Court also notes the recitation of facts in Civ. Act. No. 5:17-cv-3059-MWF and incorporates them by reference. *See* Doc. 23 in this action for a copy of the order entered on January 5, 2018 in a sister court.

counts – Declaratory Judgment, Conversion, Wantonness, and Legal Malpractice. The allegations are against Robert Grey Johnson ("Defendant" or "Johnson") who was Plaintiffs' original lawyer in the underlying auto accident lawsuit.[2] Johnson is a licensed attorney in the State of California. Around July 17, 2015, the Cisneys were in an accident while in Riverside County, California. Specifically, Eric Cisney was injured while a passenger in a fire truck owned by the Riverside County Fire Department. After the accident, the Cisneys signed a contingency fee agreement with Defendant Johnson during the representation of the lawsuit that followed.

The first settlement from the at-fault party's insurance carrier occurred around April/May 2016. The settlement was for policy limits. Afterwards, Defendant (on behalf of Plaintiffs) pursued an underinsured motorist ("UIM") claim from the Plaintiffs' insurance carrier, Metropolitan Property and Casualty Insurance Company ("Met"). Around June 2016, Met filed a declaratory judgment action in federal court wherein it asserted that it had no duty to pay the UIM claim because Plaintiffs and Defendant Johnson failed to give it notice of the proposed auto accident settlement and further failed to secure Met's consent to the settlement terms as required by the insurance contract ("declaratory judgment action). Consequently, Defendant retained a local law firm Balch & Bingham to serve as local counsel on the UIM claim against Met and to defend in the Met declaratory judgment case. Plaintiffs assert that both before and after retaining local counsel, Defendant still advised on the UIM claim by providing legal advice and recommendations to Plaintiffs including selection of an arbitrator, date, and preparation of the arbitration action in Alabama.

On or about August 1, 2017, Plaintiffs terminated Defendants' services for cause and

---

[2] Originally a second Defendant was named, but was dismissed on or about October 5, 2017 leaving Johnson as the sole defendant.

retained new counsel. On or about September 22, 2017, the UIM claim was resolved by agreement with MET for policy limits of $500,000.00 and the proceeds deposited into the new counsel's trust account. Defendant sent notice that he claimed attorney's lien on proceeds payable from the UIM settlement in the amount of $175,338.00 ("the lien"). The proceeds are still withheld until the matter resolved. *See* Doc. 1, Atch 3, Complaint. On September 28, 2017, Plaintiffs filed their lawsuit in the Circuit Court of Montgomery County, Alabama. *Id*. Plaintiffs request (1) declaratory judgment that the lien is subject to Alabama law and is unenforceable, (2) conversion, (3) wantonness, and (4) legal malpractice. *Id*. at p. 3-5. Plaintiffs seek the declaratory judgment on the lien and compensatory and punitive damages in the amount of $50,000.00. *Id*. at p. 5.

On October 6, 2017, Defendant Johnson initiated his own case in the Central District of California federal court. *See* Doc. 23 at p. 3. He asserts his own claim for declaratory relief and for breach of the contingency fee agreement. *Id*. Then on October 18, 2017, Defendant Johnson filed a Notice of Removal in this Court based on an assertion of diversity jurisdiction for the case originally brought by the Cisneys in Alabama state court. *See* Doc. 1, generally. Defendant states in the Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court now has original jurisdiction over this case under 28 U.S.C. §1332. Specifically, Defendant asserts diversity jurisdiction exists in this case because the amount in controversy exceeds the $75,000 jurisdictional threshold and complete diversity of citizenship exists among the parties. Plaintiffs are citizens of Alabama. Defendant is a citizen of California.

Shortly after removal, Defendant filed his motion to dismiss and alternative motion to transfer venue. *See* Doc. 6. In the motion, Defendant asserts he is not subject to an Alabama

malpractice claim. *Id*. at p. 2-3. He alternatively argues that the claims should be transferred to either the Northern District of Alabama or California federal court. *Id*. at 3-6. He also argues first-to-file with regard to California and argues this lawsuit was filed after his case filed in California. *Id*. at p. 5-6.

On November 4, 2017, Plaintiffs timely filed their motion to remand in this case. *See* Doc. 7. Plaintiffs make the argument that the claim for declaratory judgment is not a claim for money. They merely seek the declaration that the attorneys' fee lien is invalid. Defendant filed its response arguing that "[t]he idea that there is any material separation between declaring a monetary lien invalid versus actually awarding a sum to a party is ridiculous and, at minimum, insufficient to have this case remanded to the Circuit Court in which the action was erroneously filed." *See* Doc. 14 at p. 2. On November 30, 2017, Plaintiffs timely responded to Defendant's motion to dismiss and alternative motion to transfer venue. *See* Doc. 17.

Finally, on January 5, 2018, the court in the Central District of California entered an order denying a motion to dismiss in its court, but stayed its case pending resolution by this Court. *See* Doc. 23, Copy of Order. Further, the California federal court makes the judicial finding that the Cisneys' case was the first filed. *Id*. at p. 5-6.

After review of the various pleadings, motions, and responses, the Court determines the issues are fully briefed and no oral arguments are necessary. The motions are ripe for review.

## II. STANDARDS OF REVIEW

### A. Jurisdiction/Remand

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power

authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

**B.** **Venue**

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may assert a defense of improper venue by motion. Pursuant to § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff carries the burden of showing that venue is proper in the chosen forum once the defendant contests venue under Rule 12(b)(3). *Pritchett v. Paschall Truck Lines, Inc.*, 714 F.Supp.2d 1171, 1174 (M.D. Ala. 2010).

When reviewing a challenge to venue, the Court accepts the allegations of the complaint "as true, to the extent they are uncontroverted by defendants' affidavits." *Delong Equip. Co. v. Wash.*

*Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *see also Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (stating same). The Court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695 F.3d at 1239.

C. **Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*,

146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[3]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S. Ct. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## III. DISCUSSION AND ANALYSIS

### A. Motion to Remand

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [the] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted).

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The diversity of citizenship in this case is not in dispute. Plaintiffs are citizens of Alabama while Defendant is a citizen of California. Therefore, the complete diversity of citizenship exists.

Next, the Court looks to the amount in controversy. The Complaint filed in state court

seeks a declaratory judgment setting aside the $175,338.00 attorneys' fee lien and compensatory fees and punitive damages in excess of $50,000.00 plus attorneys' fees. *See* Doc. 1, Atch 1, Complaint at p. 5. Plaintiffs argue that the declaratory judgment section does not count towards the jurisdictional amount. In essence arguing that the declaratory judgment is not a monetary award and therefore the Court should only consider the $50,000 compensatory and punitive damages towards the diversity amount requirement. Specifically, Plaintiffs state they "do not seek a monetary award, injunctive relief, or a determination that no money is owed Defendant; they merely seek a determination as to the validity of the lien." *See* Doc. 7 at p. 5.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014) ("We have held that for amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.") (citation and internal marks omitted). "Stated another way, the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief [sought] were granted." *Id*.

While Plaintiffs attempt to argue that the lien has no value, the value of the lien in dispute is clearly $175,338.00 as that is the amount Plaintiffs would receive if the Court were to declare the lien invalid. Therefore, the declaratory judgment amount alone satisfies the amount in controversy requirement. As aptly noted by Defendant, Plaintiffs seek judgment for relief from Defendants' lien.[4]

---

[4] Plaintiffs also seek "compensatory and punitive damages in an amount *in excess* of $50,000." *See* Doc. 1, Atch 1 at p. 5 (emphasis added). Though a number is stated in that quotation, the

B.  **Motion to Transfer Venue**

Courts determine whether venue for a civil action is proper under 28 U.S.C. § 1391 except as otherwise provided by law. 28 U.S.C. § 1391(b) (emphasis added). As previously noted, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The first question to review is whether venue is proper in the Middle District of Alabama pursuant to § 1391(b). Defendant Johnson requests a change in venue to California where he resides pursuant to § 1391(b)(1). However, the Court first looks to Plaintiffs' argument on venue. Plaintiffs rely upon §1391(b)(2), so the Court will look to it first. Plaintiffs aver that Montgomery, Alabama is proper because that is where Plaintiffs' counsel practices and where the funds are located in his trust account. They argue that the erroneous lien ties to those funds so Montgomery is the appropriate location. *See* Doc. 17 at p. 10-11. However, that is not the way the Court sees it. The attorneys' fee lien relates to an UIM claim that was related to the declaratory judgment action filed by Met in the Northern District of Alabama. Further, even by

---

leading remarks of "in excess of" render the number unspecified. Plaintiffs further state that Defendant['s] actions amount to gross negligence and/or wantonness/recklessness which justify the imposition of punitive damages. "[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)). However, as the Court has already determined that the value of the lien at issue satisfies the jurisdictional requirement, the Court need not delve further into whether diversity jurisdiction is satisfied by the "in excess" and "punitive damages" damages requests.

the Plaintiffs' allegations, the Defendant affiliated with Balch & Bingham in Birmingham, Alabama. Also, Defendant filed an insurance bad faith claim against Met in California that was ultimately transferred to the Northern District of Alabama based on the first-to-file rule. The fact that Plaintiffs' counsel (and thereby the trust account) are located in Montgomery, Alabama does not automatically mean that the "Events or omissions giving rise to the claim occurred" in Alabama. Rather the allegations of malpractice and wantonness are tied to the Northern District of Alabama cases.

Plaintiffs' better argument is that the property is *situated* in Montgomery which is the second clause in § 1391(b)(2). As Plaintiffs' counsel noted, the trust account is located in Montgomery which is where the funds subject to the lien are sequestered. Therefore, the Court can say that venue in Montgomery is proper. However, the analysis does not end there.

28 U.S.C. § 1404(a) allows a court to change the venue and states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (citing § 1401(a)). The factors a court may consider include: (1) the plaintiff's choice of forum; (2) availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the location of counsel: (6) the relative congestion of the courts' dockets; (7) accessibility of the premises to jury view; (8) relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (9) the time, cost, and ease in which the trial can be conducted, and all other practical considerations relative to the trial." *Lindloff*, 950 F.Supp. at 185 (citing *Fletcher v. Southern Pac. Transp. Co.*, 648 F. Supp. 1400, 1401 (E.D. Tex. 1986)

(collecting authorities)). Lastly, "[d]istrict courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *A.J. Taft Coal Co. v. Barnhart*, 291 F.Supp.2d 1290, 1307 (N.D. Ala. 2003) (citation omitted); *see also England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988) ("Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue").

### i. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally entitled to deference. The balance of convenience or interest of justice must clearly preponderate against this choice to justify a transfer under § 1404(a). "However, where none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration." *Fletcher v. Southern Pacific Transp. Co.*, 648 F.Supp. 1400, 1404 (E.D. Tex. 1986) (citing *Morgan v. Illinois Central Ry. Co.*, 161 F. Supp. 119, 120 (S.D. Tex. 1958)). In the case at hand, Plaintiffs' claims all related to allegations of legal malpractice and misconduct by Defendant as it relates to the UIM claim – which was all litigated in the Northern District of Alabama – Northeastern Division (Huntsville) in two separate actions (Civ. Act. No. 5:16-cv-973 and Civ. Act. No. 5:17-cv-959). The sole connection to the Middle District of Alabama is that the money is currently located here. The Northern District of Alabama also satisfies the venue provisions under § 1391(b) and has a greater connection to the claims than the Middle District of Alabama. Therefore, Plaintiffs' original choice of forum is given some, but not great, significance.

### ii. Compulsory Process

Fed. R. Civ. P. 45(c) contains a 100-mile limit on the court's subpoena power over witnesses outside the district. While that limit is expanded to the entirety of the state for a party or party's officer (Fed. R. Civ. P. 45(c)(1)(B), given Plaintiff's allegations, it is likely that Balch

& Bingham attorneys in the Birmingham office would be necessary witnesses to prove or disprove Plaintiffs' claims of malpractice (specifically how extensive the involvement of Defendant was in directing the underlying UIM lawsuit). Additionally, other witnesses may be Met's counsel are with the firm Maynard Cooper & Gale PC ("Maynard Cooper") which is also located in Birmingham. Birmingham, Alabama is approximately 90 miles from the courthouse in the Middle District of Alabama – Northern Division. Both Balch & Bingham and Maynard Cooper have their Birmingham offices in the same building located approximately 91 miles from the Montgomery federal courthouse. As such, they are likely within the compulsory process mileage limit. However, the Northern District of Alabama is where Balch & Bingham and Maynard Cooper are actually located. Though the Northeastern Division federal courthouse is about the same distance as the Montgomery federal courthouse, ultimately the Northern District of Alabama is better able to issue subpoenas as they relate to the potential witnesses.

### iii. Cost of Obtaining Attendance of Witnesses

There is no information currently before the Court to evaluate this factor. However, the Court notes that the Montgomery and Huntsville federal courthouses are approximately the same distance from Birmingham.

### iv. Accessibility to and Location of Sources of Proof

Neither Plaintiff nor Defendant indicate the location of documents or records that would be used in this case. The court infers, however, that the majority records are more likely to be kept in the Northern District of Alabama. Both Maynard Cooper and Balch & Bingham would likely have some records as they relate to the two UIM lawsuits. Finally, the records as to the other two lawsuits are kept by the Northern District of Alabama (though admittedly are also available online). Finally, Plaintiffs themselves are located in Madison County which is within

the Northern District of Alabama – Northeastern Division (Huntsville). The only tie to Montgomery is Plaintiffs' current counsel who is located in Montgomery. Based on the majority of other witnesses (likely the primary sources of proof) as to malpractice and wantonness claims are all located in the Northern District of Alabama, this factor would seem to favor a transfer.

### v. Location of Counsel

Plaintiffs' counsel is located in Montgomery, Alabama. Counsel for Defendant Johnson is located in Birmingham, Alabama. However, between the Montgomery federal courthouse and the Huntsville courthouse, the distance for defense counsel is relatively close. However, while they are not officially counsel in *this* case, the Court also notes that counsel from Balch & Bingham (affiliated counsel in UIM suit) and Maynard Cooper (Met counsel) are both located in Birmingham. For the actual counsel in this case, the factor slightly favors leaving the case in the Middle District of Alabama. But, when adding the other counsel, the Northern District of Alabama is also compelling. Therefore, the Court will consider counsel location as a neutral factor.

### vi. Relative Congestion of the Courts' Dockets

This Court is not specifically aware of the status of the docket in Huntsville and cannot make any definitive statements as to its level of congestion. However, at present, the Middle District of Alabama has been classified as a judicial emergency district with only one active District Judge for a three-judge court. Further, it has been a judicial emergency district for several years. As a result, the Court is managing its caseload as best as possible, but ultimately cases will not be addressed as swiftly as the parties, counsel, or even the Court would prefer. All parties deserve prompt resolution and therefore, this factor <u>significantly</u> favors transfer.

### vii. Accessibility of the Premises to Jury View

At this stage of the litigation it does not appear that the accessibility of the premises to jury view will be a factor in this case. Therefore this factor plays no role in the Court's consideration.

### viii. Community's Nexus to the Lawsuit

Defendant's alleged misconduct related to two lawsuits in the Northern District of Alabama as they related to an accident that took place in California. Ultimately, the UIM claim was litigated in the Northern District of Alabama and therefore it has a greater interest than the Middle District of Alabama in resolving whether legal malpractice (or the unauthorized practice of law) occurred in its lawsuits. Consequently, this factor also favors transferring the case to the Northern District of Alabama.

### ix. Practical Considerations

This final catch-all factor takes into consideration logistics, costs, and the practicality of having a trial in a particular location. The Court notes that Defendant requested a transfer to California. However, this attorneys' lien relates to the UIM claim which occurred in Alabama and despite Defendant's arguments to the contrary, *this* case was the first-filed as aptly noted by our sister court. *See* Doc. 23, Exhibit 1 – Order dated January 5, 2018. The fact the underlying car accident occurred in California is irrelevant for the purposes of these matters as it relates to settlement with Met in Alabama. This is further displayed by the fact the UIM lawsuit was transferred from the Central District of California to the Northern District of Alabama. *See* Civ. Act. No. 5:17-cv-389, Doc. 24, Transfer Order. As such, beyond the convenience to Defendant, there is no logical reason why this case would be more suited in California federal court. With regard to the Northern District of Alabama, the logistics, costs, and practicality of location are

not significantly different between the Middle District of Alabama and the Northern District of Alabama as it relates to the parties themselves. The only person it affects is Plaintiff's counsel as even the Plaintiffs themselves are located in the Northern District of Alabama. As with the majority of the prior factors, given the location of the prior cases, witnesses, and even the Plaintiffs themselves, the evidence for this factor preponderates in favor of transfer to the Northern District of Alabama.

    **x.**    **Summary**

Balancing all the above factors, the Court is of the opinion that this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the Northeastern Division (Huntsville) of the Northern District of Alabama.

**C.**    **Motion to Dismiss**

As this Court has already determined that a transfer of venue is appropriate, the ruling on the motion to dismiss is appropriately deferred for the consideration by the Northern District of Alabama.

### IV. CONCLUSION

Pursuant to the foregoing Memorandum Opinion, the Court ORDERS the following:

(1) The Plaintiffs' *Motion to Remand* (Doc. 7) is DENIED.

(2) The Defendant's alternative Motion to Transfer (Doc. 6) is GRANTED in part and DENIED in part. The motion is GRANTED to the extent this case is transferred to the Northern District of Alabama – Northeastern Division pursuant to 28 U.S.C.§ 1404(a). The motion is DENIED to the extent it seeks transfer to the Central District of California.

(3) The motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docs. 6 and 25[5]) shall be held in abeyance pending transfer to the Northern District of Alabama – Northeastern Division.

(4) The Clerk of Court is DIRECTED to take the steps necessary to effectuate the transfer.

DONE this 25th day of July, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[5] On July 17, 2018 the Defendant filed a new and separate Motion to Dismiss (Doc. 25). Briefing has not yet been ordered on the motion.